LOUISE TROST HOLMES, PLAINTIFF-RESPONDENT, v. CHESTER MILLIGAN, DEFENDANT-PROSECUTOR.

Submitted October 5, 1943—Decided December 28, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Elsie L. White* and *Louis Steisel*.

For the defendant-prosecutor, *James D. Connell* and *Joseph B. McFeely*.

The opinion of the court was delivered by

CASE, J. The action is on a contract alleged to have been induced by fraud. The chronology of the various steps in the cause is:

April 1, 1943   Affidavit.
April 1, 1943   Order to hold to bail.
April 6, 1943   *Capias* issued.
April 7, 1943   Affidavit and order to hold to bail filed with the clerk of the Supreme Court.
April 7, 1943   Arrest on *capias*.
April 7, 1943   Bail given and defendant discharged.

April 7, 1943  Notice of motion to discharge order, returnable April 17, 1943.
April 15, 1943  Affidavit of merits filed.
May · 4, 1943  Answer filed.
June 4, 1943  Reply filed.
June 23, 1943  Motion to discharge order denied.
Sept. 9, 1943  Rule to show cause issued.

The question is whether the failure to have the affidavit and order on file at the clerk's office in Trenton before the *capias* issued was fatal to the validity of the *capias*.

The pertinent statutory provisions are *R. S.* 2 :27–72 and 2 :27–73.

Section 72—"A *capias ad respondendum* shall not issue in an action founded upon contract except upon proof, by affidavit or otherwise, to the satisfaction of the court in which the action is about to be commenced or to a judge thereof or supreme court commissioner,' that there is a debt or demand founded upon contract, express or implied, due to plaintiff from defendant, specifying the nature and particulars thereof, and establishing one or more of the following particulars :

"a. That defendant is about to remove any of his property out of the jurisdiction of the court in which the action is about to be commenced with intent to defraud his creditors; or

"b. That defendant has property or choses in action which he fraudulently conceals; or

"c. That defendant has assigned, removed or disposed of, or is about to assign, remove or dispose of, any of his property with intent to defraud his creditors; or

"d. That defendant fraudulently contracted the debt or incurred the demand.

"This section shall not apply to proceedings as for contempt to enforce civil remedies."

Section 73—"Upon proof made as provided by section· 2 :27–72 of this title, the court, judge or commissioner shall make an order to hold defendant to bail * * *. On the filing of the proofs required by said section 2 :27–72 and the order to hold to bail the *capias* shall issue. * * *"

On matters incident to the issue that statute is practically unchanged from section 1 of "An act respecting imprisonment for debt in cases of fraud; Revision—Approved April 15th, 1846," *Nix. Dig.* *330, except that there are two numbered sections where formerly there was but one section, with the result that there is now a somewhat greater demarcation between the respective provisions. At no time, however. have the authorizing words now captioned as section 73 been within the immediate application of the strong negative mandate contained within the preceding section. That prohibition, now as at the beginning (Cf. "An act to abolish Imprisonment for Debt, passed March 9th, 1842, *Pamph. L.* 1841-1842, *p.* 130), bears immediately upon the nature and content of the proofs upon which the writ of arrest may issue and the submission of the proofs to a judicial officer as a necessary preliminary. We give some weight, in the construction, to that distinction.

The question, however important it may be as a matter of statutory construction, is technical. The proofs were sufficient in form and substance to justify an order to hold to bail and had been submitted to and considered by the proper judicial officer; that officer had, in due form, made the order to hold to bail; upon that foundation the *capias* issued. At least, no contention otherwise is made before us and we therefore assume, for the purposes of this argument, that the proceedings are sound except on the disputed point. At the time the *capias* was served the order and affidavits were on file but they had not been at the clerk's office the day before when the *capias* was issued; and that omission is the defect complained of. It does not appear that the defendant was harmed, or how anyone in like circumstance could be harmed, by that procedure. That does not answer the question; it simply marks the question as technical.

In *Wert* v. *Strouse,* 38 *N. J. L.* 184, it was said, on a motion to discharge the defendant in a tort action from arrest, that although in contract actions the affidavits and the order for bail must both be filed before the *capias* was issued the delay of a few days was not fatal in actions founded on tort, and this because of the different wording in the

respective statutes of that day. The statement of the law applicable to contract actions was *obiter*. Nevertheless, the *obiter* was repeated in *Kryn* v. *Kahn*, 54 *Atl. Rep.* 870 (not officially reported). *Logan* v. *Lawshe*, 62 *N. J. L.* 567, was also a tort action and, the only point then open being that there was a period of only ten days (viz., not the period of fifteen days which the defendant contended there should have been under the statute extant at the time), between the test of the writ and the day of its return, the court said: "The defendant appeared to the writ and filed special bail. The practice appears to be quite settled, that an appearance in conformity with the purpose of the writ is a waiver of all defects, at least those that are formal, either in the process or in the service," citing in support thereof *Ayers* v. *Swayze*, 5 *N. J. L.* 812; *Cornell* v. *Matthews*, 27 *Id.* 522, 524; *Clifford* v. *Overseer of the Poor*, 37 *Id.* 152; the first of which had to do with an alleged defect in the manner of serving the summons, the second with a summons irregularity that was subject to amendment, and the third with a doubtful insufficiency in the description of the defendant's relationship as a husband and father in a neglect case. It will be observed, therefore, that neither the Logan decision nor the decisions cited by it in support are squarely on our question. *Hand* v. *Nolan*, 1 *N. J. Mis. R.* 428, was an application to set aside an order to hold to bail in a tort action, and Mr. Justice Katzenbach, sitting alone, decided that the distinction drawn in *Werl* v. *Strouse, supra,* between tort and contract actions was no longer in point because the intervening statute of 1903 had made the proceeding similar in the two classes of action and that since the *capias* had issued before the proofs and order were filed the order to hold to bail should be set aside. The same justice came to a like determination in *Beugless* v. *Thomas*, 1 *N. J. Mis. R.* 581. The expression used by the justice in the second case was that "The filing of the proof and order before the issue of the *capias* was mandatory;" but the element of a general appearance by the defendant was not involved and the possible effect of such a step was not considered. In the recent case of *Jordan* v. *Hoffman*, 126 *N. J. L.* 100, the defendant, held to bail in a contract action

sounding in tort, filed his answer and a year and a half later moved to review the order holding him to bail. As we understand the case the defendant disputed the sufficiency of the proofs upon which the order went, and the court held that the appearance of the defendant in obedience to the *capias* and the giving of bail waived all formal defects, and perhaps defects in substance also, either in the process or the service; and the court observed that perhaps when a defendant further files an answer to the suit against him it is then too late for him to attack the *capias* because of the insufficiency in the proofs to support the order.

The legislation under review had its inception in the act of March 9th, 1842, *supra,* and the reason for the enactment is stated in interesting language by Mr. Justice Scudder in *Perry* v. *Orr,* 35 *N. J. L.* 295:

"Some of us remember the circumstances of the passage of this law. It was the result of a popular movement, the clamor of the people against the incarceration of honest and unfortunate debtors, who could only escape through the oftentimes tedious and bitterly-contested proceedings of the Insolvent Courts. This severity had become so odious that an amelioration of the law was demanded, and it was attained by the enactment of this statute."

Thus, as a further guide to construction we learn, as indeed the plain inference from the statute is, that the purpose in the enactment was to afford security from arrest for the *honest* debtor, and to that end that *fraud* within the limitations of the statute must be judicially established, as contrasted with the earlier practice in some actions of debt of holding the defendant to bail as of course upon making and filing an affidavit. Accordingly, the great emphasis in our decisions is upon the holding, as for instance in *Hufty* v. *Wilson,* 78 *N. J. L.* 241, that the "order to hold the defendant to bail must show upon its face that the judge has exercised his judicial discretion and that the proof of the particulars necessary to authorize the awarding of the writ was satisfactory." In further support of our view that the present proceeding is technical we note that if the objective were attained, and the *capias* dismissed, the order to hold to bail

and the affidavits are on file, whereon a new writ, so far as anything before us goes, could at once issue.

There is this inconsistency in the defendant's case: The rule to show cause, of which this is the return, is by its terms directed to the proposition "why the order to hold to bail * * * should not be dismissed and the defendant discharged from arrest" and was apparently intended to ground in *R. S.* 2:27–77. But the attack is upon the untimely issuance of the *capias* and not at all upon the order to hold to bail. The points presented by defendant, prosecutor of the rule, are (1) the *capias* is void because issued prior to filing of affidavit and order, (2) the filing of bail by the defendant did not waive the defect of the issuance of the *capias,* (3) the defendant was not guilty of *laches* in attacking the order to hold to bail, and (4) the filing of an affidavit of merits and answer did not constitute a waiver of the defect in the issuance of the *capias.* The third point, notwithstanding its wording, does not go against the order to hold to bail. The order to hold to bail and the order to arrest (the writ of *capias* issued by the clerk) are, of course, different papers. The prayer stated at the close of defendant's brief is that "the *capias* be dismissed, the defendant discharged from arrest * * *."

There are other decisions in our books that have some bearing upon the subject-matter none of which, so far as they have come to our attention, bear as closely as the cases cited, *supra;* and it will be observed that no holding even in the cited decisions applies squarely both to the facts of our case and to the law as it now is. We make little of the fact that the defendant did not pause, before giving bail, to search the files of the clerk's office. A defendant in a distant part of the state confronted with a *capias* subject to immediate execution has slight opportunity for that search before providing bail. Also, it appears to us that the filing of an affidavit of merits, which is not a pleading but the preparing and filing of which are necessary in order to prevent a judgment from being entered, should not be held to bind the defendant too closely as to his subsequent movements in the cause. But the filing of an answer which goes to the merits

marks a general appearance and, in our opinion, regardless of a reservation in the recognizance of bail, and of the outstanding notice, should be held to be a waiver of technical irregularities. The only motion which was pending when the answer was filed was later, June 23d, 1943, argued before and decided by the Chief Justice adversely to the defendant for the stated reason that the answer constituted a general appearance and was a waiver of the alleged defect. The present rule issued on September 9th. It was within the defendant's province, before filing answer, to seek an order extending his time to plead. He appears not to have made the effort; certainly he did not get such an order. Following the answer a reply was filed and the case is now at issue.

Inasmuch as the papers were on file when service of the writ was effected and apparently were in the mail directed to the clerk for actual filing in the clerk's office at the time the writ issued, we consider that the omission in having the papers at the office of the clerk at the precise moment the writ was issued does not go to the fundamentals of the action nor to any substantial right of the defendant. We conclude that under the circumstances of the case, which include the deviation between the question stated in the rule to show cause and the question actually litigated, the general appearance effected by the filing of the answer constituted a waiver by the defendant of the tardy filing of the proofs and the order to hold to bail.

The rule to show cause will be discharged, with costs.